**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

**RANDOLFO PEREIRA DE SA** | **CIVIL ACTION NO. 1:26-2295**

**SECTION P**

**VS.** | **JUDGE JERRY EDWARDS, JR.**

**U.S. ATTORNEY GENERAL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Petitioner Randolfo Pereira De Sa,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 15]. For reasons below, the Court should grant the petition in part as described below.

### Background

Petitioner is a citizen of Brazil. "Petitioner was admitted into the United States on or about December 13, 2011, as a K1 (fiancé visa), with authorization to remain in the United States until March 11, 2012." [doc. # 15, p. 1]. He is married to a United States citizen and has three children who are United States citizens. [doc. #s 1-2, p. 4; 15-1, p. 2].

According to Respondents, "Petitioner remained in the United States beyond March 11, 2012, without authorization from" DHS. [doc. # 15, p. 1].

---

[1] Petitioner's "A Number" is 200-922-190.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

"On July 8, 2025, Bossier City Police Department arrested Petitioner and charged him with Manufacture/Distribution/Possession of a Schedule I; Possession of Marijuana, Drug Paraphernalia, Failure to Appear for Bench Warrants and traffic violations." [doc. # 15, p. 1].

Petitioner has been in an immigration detention center since July 15, 2025. [doc. # 1, p. 4].

On October 22, 2025, an immigration judge ordered Petitioner removed to Brazil or, in the alternative, to Mexico. [doc. # 15-3, p. 3]. On approximately November 21, 2025, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); his appeal is pending.[3] The BIA received Petitioner's brief on June 24, 2026.[4]

Petitioner filed this proceeding on approximately July 1, 2026. He claims that the Government is detaining him in violation of his right to due process. [doc. # 1, p. 6]. He claims that the Government has not afforded him a bond hearing or "opportunity to demonstrate that he should not be detained." *Id.* He argues that "the 6-month removal period has expired." *Id.* He also argues that his detention is not narrowly tailored to serve a compelling government interest. *Id.* He seeks either release on supervision and/or bond. [doc. # 1, p. 7].

Respondents opposed the petition on September 3, 2026. [doc. # 15].

**Law and Analysis**

According to the Government, Petitioner overstayed his K-1 visa. [doc. #s 15, p. 1; 15-2, p. 1]. In *Buenrostro-Mendez*, 166 F. 4th at 499, the Fifth Circuit specifically stated that 8 U.S.C. § 1226 "covers . . . admitted aliens who overstay . . . their visas . . . ." It later reiterated, "§ 1226(a) applies to admitted aliens who overstay their visas . . . ." *Id.* at 505.

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited September 23, 2026).

[4] *Id.*

Because Petitioner is detained under Section 1226(a), he is entitled to a bond hearing before a neutral decisionmaker. Section 1226(a)(2)(A) plainly permits the Attorney General "to release detained aliens on" bond. *Buenrostro-Mendez*, 166 F.4th at 499.

"Respondents assert that because of the criminal acts [Petitioner's] detention is mandated pursuant to 8 U.S.C. §1226(c)." [doc. # 15, p. 3]. They point out that on July 8, 2025, "Bossier City Police Department arrested Petitioner and charged him with Manufacture/Distribution/Possession of a Schedule I; Possession of Marijuana, Drug Paraphernalia, Failure to Appear for Bench Warrants and traffic violations." *Id.* at 1.

Respondents, however, make no showing or argument that Petitioner qualifies for detention under any specific provision of Section 1226(c), aside from generically arguing that Petitioner was arrested for "criminal acts." [doc. # 15, p. 3].

In short, Petitioner is not detained under 8 U.S.C. § 1226(c) because the record does not show, for example, that he was convicted of, or admitted guilt to, the aforementioned charges. Rather, the record only reveals an arrest and pending charges.

Relevant here, for instance, under Section 1226(c)(1): "The Attorney General shall take into custody any alien who--(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title . . . ." Section 1182(a)(2) provides in pertinent part, "Except as provided in clause (ii), any alien *convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of*--(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, or (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i) (emphasis added). Here,

to reiterate, there is no indication that Petitioner was convicted of, or admitted to, the charges above.

Under Section 1226(c)(1)(B): "The Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title . . . ." Petitioner does not meet any of the criteria for deportability in "section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)[,]" which generally include aliens with multiple criminal convictions involving moral turpitude, aliens convicted of an aggravated felony, aliens convicted of crimes involving certain controlled substances, aliens who are drug abusers or addicts, aliens convicted of certain firearm offenses, and aliens convicted of certain conspiracies. 8 U.S.C. § 1226(C)(B); 8 U.S.C. § 1227.

Under Section 1226(c)(1)(C): "The Attorney General shall take into custody any alien who. . . is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year[.]" Here, the record does not show that Petitioner has been so sentenced.

Under Section 1226(c)(1)(D): "The Attorney General shall take into custody any alien who. . . is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title[.]" Those sections, however, concern terrorist aliens and are not germane here.

Finally, under Section 1226(c)(1)(E): "The Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." Petitioner does not qualify.

## **Recommendation**[5]

For the reasons above, **IT IS RECOMMENDED** that Petitioner Randolfo Pereira De Sa's petition be **GRANTED** on the basis that he is detained under 8 U.S.C. § 1226(a). Respondents shall, within **ten (10) days** of the date of Judgment, reclassify Petitioner as detained under 8 U.S.C. § 1226(a) and afford Petitioner a bond hearing before an immigration judge where the immigration judge must order Petitioner's release on bond if he or she determines that the Government has not carried its burden of proving that Petitioner poses a flight risk or a danger to the community. Respondents shall provide Petitioner adequate notice of the hearing. The parties shall file a joint status report within 48 hours after the hearing, confirming that the hearing was conducted and notifying the Court whether Petitioner was granted bond and released or, if his request for bond was denied, providing the reasons for that denial.

**IT IS FURTHER RECOMMENDED** that if Respondents do not provide the hearing above within ten (10) days of Judgment, Respondents shall release Petitioner from custody under reasonable conditions of supervision if necessary.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

[5] The undersigned finds no need to address any claim or request for relief not addressed herein.

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass* v. *United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge